UNITED STATES DISTRICT COURT FILED BY

SOUTHERN DISTRICT OF FLORIDA

02 FEB -7 PM 1: 57

02-20094 CR-KING

CASE NO.

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MI

21 USC 846

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA

v.

WILLIAM PEREZ and
DAYANARA de la CRUZ

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT I

From on or about November 15, 2001 through on or about January 25, 2002, in

Miami-Dade County, in the Southern District of Florida, the defendants,

WILLIAM PEREZ
and
DAYANARA de la CRUZ,

did knowingly and intentionally combine, conspire, and agree with each other and others

unknown to the Grand Jury, to possess with intent to distribute a Schedule II controlled

substance, that is, five kilograms or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section

841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

## COUNT II

On or about January 25, 2002,  in Miami-Dade County, in the Southern District of

Florida, the defendants,

WILLIAM PEREZ
and
DAYANARA de la CRUZ,

did knowingly and intentionally attempt to possess with intent to distribute a Schedule II

controlled substance, that is, five kilograms or more of a mixture and substance containing

a detectable amount of cocaine, in violation of Title 21, United States Code, Section

841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)

and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. 02-20094 CR-KING

v.

WILLIAM PEREZ and
DAYANARA de la CRUZ

**CERTIFICATE OF TRIAL ATTORNEY**

MAGISTRATE JUDGE
O'SULLIVAN

**Superseding Case Information:**

**Court Division:** (Select One)

| | |
|---|---|
| New Defendant(s) | Yes _____ No _____ |
| Number of New Defendants | _____ |
| Total number of counts | _____ |

X   Miami _____ Key West
_____ FTL _____ WPB _____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No) Yes
    List language and/or dialect      Spanish

4.  This case will take    3    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                    (Check only one)

| I | 0 to 5 days | X | Petty | |
|---|---|---|---|---|
| II | 6 to 10 days | | Minor | |
| III | 11 to 20 days | | Misdem. | |
| IV | 21 to 60 days | | Felony | X |
| V | 61 days and over | | | |

6.  Has this case been previously filed in this District Court? (Yes or No)   No
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter? (Yes or No)  Yes
    If yes:
    Magistrate Case No.   02-2122-O'Sullivan
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of   01/25/02
    Defendant(s) in state custody as of _____
    Rule 20 from the _____   District of _____

    Is this a potential death penalty case? (Yes or No)  No

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X  No    If yes, was it pending in the Central Region? ___ Yes ___ No

8.  Did this case originate in the Narcotics Section, Miami? ___ Yes  X  No

FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.  261289

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**02 - 20094 CR-KING**

MAGISTRATE JUDGE
O'SULLIVAN

**Defendant's Name: WILLIAM PEREZ**

**Case No:**

Count #: I

  Conspiracy to PWID Cocaine

  21 USC §846

**\* Max.Penalty: Life imprisonment**

Count #: II

  Attempt to PWID Cocaine

  21 USC §846

**\*Max. Penalty:  Life imprisonment**

Count #:

_____

_____

**\*Max. Penalty:        _ years' imprisonment**

Count #:

_____

_____

**\*Max. Penalty:        _ years' imprisonment**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

02-20094  CR-KING

### PENALTY SHEET

**Defendant's Name:** DAYANARA de la CRUZ

**Case No:**

Count #: I

  Conspiracy to PWID Cocaine

  21 USC §846

**\* Max.Penalty**: Life imprisonment

Count #: II

  Attempt to PWID Cocaine

  21 USC §846

**\*Max. Penalty:**  Life imprisonment

Count #:

**\*Max. Penalty:**        years' imprisonment

Count #:

**\*Max. Penalty:**        years' imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

GRAND JURY INDICTMENT NO.

No. 02-20094 CR-KING

MAGISTRATE JUDGE
O'SULLIVAN

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _ FLORIDA _____

_____ Division

## THE UNITED STATES OF AMERICA

vs.

WILLIAM PEREZ AND

DAYANARA de la CRUZ

## INDICTMENT

IN VIOLATION OF:   21 USC §846

A true bill.

_____
Foreman

FGJ 00-05 (MIA)

Filed in open court this _____ ___ day.

of _____ A.D. 2002

_____ A.D.
Clerk

Bail, $ _____

FILED by _____ D.C.
MAG. SEC

JAN 31 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 01- 680-CR-Ungaro Ben
01-2122-O'Sullivan STB

*Stipulated*

ORDER

*No Hrg Held*

UNITED STATES OF AMERICA,

                          Plaintiff,

vs.

William Perez

                          Defendant.

_____

        Pursuant to the Bail Reform Act, a detention hearing was held
this date in accordance with 18 U.S.C. Section 3142(f).   At the
conclusion of the evidentiary hearing, the findings of fact and
conclusions of law required by the Act were dictated into the
record.   It is thereupon

        ORDERED AND ADJUDGED as follows:

    1.   The Defendant   NAMED ABOVE                    shall be
detained pending trial in this case for the reasons stated on the
record by the Court.

    2.   A final Order of Detention memorializing the dictated
findings and conclusions shall be entered forthwith.

        DONE AND ORDERED in Miami, Florida this   31      day of
January                , 2002.

TAPE NO. 02A-11-3342
12-1

c: AUSA — Tames.
Defense Counsel
Pretrial Services
U.S. Marshal

                          UNITED STATES MAGISTRATE JUDGE
                          John J. O'Sullivan

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA



FILED by
MAG. SEC

JAN 3 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

APPEARANCE BOND: _____

CASE NO.: _____ 02 - 20094 - JLK _____

UNITED STATES OF AMERICA

Plaintiff,

v.

Dayanara C. Dela Cruz

Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 50,000.00 .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5. Shall not commit any act in violation of state or federal laws.

DEFENDANT: _Daynara Dela Cruz_
CASE NUMBER: _02 - 2122 JJO_
**PAGE TWO**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

☒ a.  Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case; _until obtains employment,_

☒ b.  Report to Pretrial Services as follows: ( ) *as directed or* __3__ *times in person and* ____ *times by telephone;*

___ c.  Submit to substance abuse testing and/or treatment as directed by Pretrial Services; _then as directed._

___ d.  Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e.  Participate in mental health assessment and/or treatment;

___ f.  Participate and undergo a sex offense specific evaluation and treatment;

_X_ g.  Maintain or actively seek full-time employment;

___ h.  Maintain or begin an educational program;

___ i.  Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j.  Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k.  None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l.  May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.;*

___ m.  No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n.  **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

    ____  **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

    ____  **Home Detention:** You are restricted to your residence at all times except for: ( ) **medical needs or treatment,** ( ) **court appearances,** ( ) **attorney visits or court ordered obligations, and** ( ) **other** _____.

___ o.  **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) **employment;** ( ) **education;** ( ) **religious services;** ( ) **medical, substance abuse, or mental health treatment;** ( ) **attorney visits;** ( ) **court appearances;** ( ) **court ordered obligations;** ( ) **reporting to Pretrial Services; and** ( ) **other** _____

___ p.  May travel to and from: _____, and must notify Pretrial Services of travel plans before leaving and upon return.

___ q.  Comply with the following additional conditions of bond; _Reside at same address_
_____
_____

DEFENDANT: Daynara De la Cruz
CASE NUMBER: 02-2122-JJO
PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *Dayanara De la Cruz*
CASE NUMBER: *02-2122-ITO*
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _31st_ day of _January_, 20_02_, at _Miami_, Florida.
Signed and acknowledged before me:
WITNESS: _____   DEFENDANT: (Signature) _____
ADDRESS: _____   ADDRESS: _13342 S.W. 28th Street_
_____ ZIP _____   _Miami, Fl_ _____ ZIP _____
                                    TELEPHONE: _305-480-0217_

### CORPORATE SURETY

Signed this _____ day of _____, 20_____, at _____, Florida.
SURETY: _____   AGENT: (Signature) _____
ADDRESS: _____   PRINT NAME: _____
_____ ZIP _____   TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this___ day of _____, 20___, at _____, Florida.   Signed this___ day of _____, 20___, at _____, Florida.
SURETY: (Signature) _____   SURETY: (Signature) _____
PRINT NAME: _____   PRINT NAME: _____
RELATIONSHIP TO   RELATIONSHIP TO
DEFENDANT: _____   DEFENDANT: _____
ADDRESS: _____   ADDRESS: _____
_____ ZIP _____   _____ ZIP _____
TELEPHONE: _____   TELEPHONE: _____

### APPROVAL BY COURT

Date: _1/31/02_

_____
UNITED STATES MAGISTRATE JUDGE
JOHN J. O'SULLIVAN

DISTRIBUTION:   Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

FILED by _____ D.C.
MAG. SEC.

JAN 3 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.  MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-2122-O'SULLIVAN

UNITED STATES OF AMERICA,

v.                                    **ORDER ON BOND MOTION**

DAYANARA DE LA CRUZ

     This Cause came before the Court upon motion of the (defendant)(government) to (reduce)(increase)(modify) the bond. Upon consideration, it is

    **ORDERED AND ADJUDGED** as follows:

_____ The motion is **denied**; bond remains at _____

_____ The motion is **granted**; bond is set at:

  ✓  Personal Surety, unsecured, in the amount of
      $ 50,000

_____ Personal Surety in the amount of $ _____
with 10% posted with Clerk of Court.

_____ Personal Surety in the amount of $ _____
secured by the following collateral: _____

_____ Full Cash in the amount of $ _____

_____ Corporate Surety in the amount of $ _____

_____ Full Cash or Corporate Surety in the amount of
      $ _____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

✓ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
✓ REPORT TO PRETRIAL SERVICES AS FOLLOWS: 3 WEEKLY IN PERSON;    WEEKLY BY PHONE.
__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-  PHYSICIAN-PRESCRIBED
SUBSTANCES PROHIBITED BY LAW.
✓ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.  __ REFRAIN FROM
POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS    WEAPON.
✓ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: _____
_Reside at SW 28 aud_
_____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this 31 day of JANUARY
2002 .
TAPE NO.02A - 11-3342
      1;2-1
c:AUSA, Defense, - Tamen AUSA , UNITED STATES MAGISTRATE JUDGE
  Pretrial Svcs, Marshal    JOHN J. O'SULLIVAN
formordb.ond

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-2122-O'SULLIVAN

FILED by _____ D.C.
MAG. SEC.

JAN 3 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES OF AMERICA,

vs.

**ORDER ON HEARING TO**
**REPORT RE COUNSEL**

DAYANARA DE LA CRUZ

The above named defendant having appeared before the Court as
ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____   Private counsel_____
appeared in open court and is noted as permanent
counsel of record.

_____   The defendant requested Court appointed counsel, was
found eligible, and counsel will be appointed by
separate order.

_____   The defendant requested Court appointed counsel but
was found ineligible, and shall appear before the
Court on _____
at 10:00 a.m. to report regarding his/her further
efforts to retain counsel, unless counsel notices a
permanent appearance before that date.

_____   The defendant requested further time to retain
counsel and shall appear before the Court on
_____3/1(a)1.30_____ at 10:00 a.m. to report
regarding his/her further efforts to retain counsel,
unless counsel notices a permanent appearance before
that date.

**DONE AND ORDERED** at Miami, Florida this _____31ST_____ day
of _____JANUARY_____,2002.

TAPE NO. 02 N/-33X2

_____
JOHN J. O'SULLIVAN
**UNITED STATES MAGISTRATE JUDGE**

c. Defense Counsel
Pretrial Services or Probation
U.S. Marshal
AUSA Tameo

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-2122-O'SULLIVAN

FILED by _____ D.C.
MAG. SEC.

JAN 3 1 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

UNITED STATES OF AMERICA,

vs.

**ORDER ON HEARING TO
REPORT RE COUNSEL**

WILLIAM PEREZ

The above named defendant having appeared before the Court as ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

_____   Private counsel_____
appeared in open court and is noted as permanent counsel of record.

_____   The defendant requested Court appointed counsel, was found eligible, and counsel will be appointed by separate order.

_____   The defendant requested Court appointed counsel but was found ineligible, and shall appear before the Court on _____
at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

____✔____   The defendant requested further time to retain counsel and shall appear before the Court on _____2/7(?)1.90_____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

**DONE AND ORDERED** at Miami, Florida this ____31ST____ day of ___JANUARY___, 2002.

TAPE NO. 02 A//- 3342

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

c. Defense Counsel
   Pretrial Services or Probation
   U.S. Marshal
   AUSA

UNITED STATES OF AMERICA
SOUTHERN DISTRICT COURT

CASE NO. _O2-2122-O Sullivan_

UNITED STATES OF AMERICA,

v.

DAYANARA De La CRUZ

**NOTICE OF TEMPORARY**
**APPEARANCE AS COUNSEL**

[stamp: JAN 28 2000 / CLARENCE MADDOX / CLERK U.S. DIST. CT. / S.D. OF FLA.   MIAMI]

COMES NOW  EMILIO BENITEZ  and

files this temporary appearance as counsel for the above named

defendant(s) at initial appearance.  This appearance is made with

the **understanding** that the undersigned counsel will fulfill any

**obligations imposed** by the Court such as **preparing and filing**

**documents** necessary to collateralize any **personal surety bond** which
may be set.

Counsel's Name **(Printed)**   EMILIO BENITEZ

Counsel's Signature   _for E. Benitez_

Address   600  S. ANDREWS  Suite 403

Ft. Lauderdale   ZIP CODE: 33301

Telephone  (954)  761 - 8892

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.___02-2122-O'SULLIVAN_____

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language___ENGLISH____
Tape No. 02A - _9-897-_

v.

AUSA_____
Agent_____

DAYNARA DE LA CRUZ

JAN 28 2002

Defendant.

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

DOB: 7-20-75

Reg#68224-004

_____/

The above-named defendant having been arrested on ___1-25-02_____having appeared before  the court for initial appearance on ___1-28-02_____and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Obulio Penila_ appeared as permanent/temporary counsel of record.
Address: _600 S. Andlews # 403_
Zip Code: _33301_    Telephone: _934-761-5892_

2. ._____appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on ___1/31/02_____, 2002.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am 2/11/02___, 2002.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____

A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 2002.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _NO Bond - PSR Dhg  1/31/02 @ 10:00_

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court  and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
    other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



DAYANARA DE LA CRUZ

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 28th day of JANUARY 2002.

_____
UNITED STATES MAGISTRATE JUDGE
JOHN J. O'SULLIVAN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

Page 2 of 2

koia.

FILED by _____ .C.
MAG. SEC.
JAN 2 8 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.   02-2122-O'SULLIVAN

UNITED STATES OF AMERICA

                    Plaintiff,

v.

WILLIAM PEREZ

                    Defendant.
_____/

**ORDER ON INITIAL APPEARANCE**
Language___ENGLISH_____
Tape No. _02A - 5-80?_
AUSA _____
Agent _____

DOB: 4-3-69        Reg# 44571-004

      The above-named defendant having been arrested on ___1-25-02___ having appeared
before the court for initial appearance on ___1-28-02___ and proceedings having
been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:
1. _De Herrera_ appeared as permanent/temporary counsel of record.
Address: _1401 Ponce de Leon Blvd #201_
Zip Code: _33134_   Telephone: _305-445-1100_
2. _____appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
_11/31/02_, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _2/11_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or
(f) because _will allege danger to the community_
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_ _1/31_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance
bond, pursuant to 18 U.S.C. Section 3142:
_____
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and,
in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

      other: _____
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
   substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



WILLIAM PEREZ

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

   If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d
303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled
promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the
conditions set forth herein or those later ordered by the court, the defendant is subject to arrest
and revocation of release and to various civil and criminal sanctions for any violation of those
conditions.  These various sanctions and penalties are set forth more fully in the Appearance
Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond
has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at Miami, Florida, this___28th___day of___JANUARY___
2002 .

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE
                                        JOHN J. O'SULLIVAN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA )
                Plaintiff )      Case Number: CR 02-2122-O'Sullivan
                          )
                          )      REPORT COMMENCING CRIMINAL SEC.
        -vs-              )      ACTION
                          )
De La Cruz, Dayuvara )
                Defendant )      68221.004

FILED by _____ D.C.

JAN 28 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

*******************************************************************

TO: Clerk's Office    (MIAMI)    FT. LAUDERDALE    W. PALM BEACH
    U.S. District Court          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
      MAGISTRATES COURT ABOVE
*******************************************************************

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1)    Date and Time of Arrest: 1/25/02  1330  am/pm

(2)    Language Spoken: English

(3)    Offense(s) Charged: 21 USC 841  Possession with intent to distribute (cocaine)
                           21 USC 952  Conspiracy (cocaine)

(4)    U.S. Citizen: (X)Yes  ( )No  ( )Unknown

(5)    Date of Birth: 7/20/75

(6)    Type of Charging Document: (check one)
       ( )Indictment  ( )Complaint  To be filed/Already filed
       Case #_____

       ( ) Bench Warrant for Failure to Appear
       ( ) Probation Violation Warrant
       ( ) Parole Violation Warrant

       Originating District: _____

       COPY OF WARRANT LEFT WITH BOOKING OFFICER ( )YES (X)NO

Amount of Bond: $_____    Who set Bond: _____

(7)    Remarks: _____

(8)    Date: 1/25/02        (9) Arresting Officer: Terrence Manweiler

(10)   Agency: U.S. CUSTOMS SERVICE    (11) Phone: 800-973-2867

UNITED STATES DISTRICT COURT

Southern District of Florida

| UNITED STATES OF AMERICA | ) | Case Number: CR 02 - 2122-O'Sullivan |
|---|---|---|
| Plaintiff | ) | |
| | ) | REPORT COMMENCING CRIMINAL |
| -vs- | ) | ACTION |
| | ) | |
| William Perez | ) | |
| Defendant | | 44571·004 |

FILED by _____ D.C.
MAG. SEC.
JAN 2 8 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**************************************************************************

TO:  Clerk's Office       MIAMI       FT. LAUDERDALE       W. PALM BEACH
      U.S. District Court                (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE
**************************************************************************

All items are to be completed.  Information not applicable or unknown will be indicated "N/A".

(1)  Date and Time of Arrest: _____ 1/25/02 _____ 1330 am/pm

(2)  Language Spoken: _____ English _____

(3)  Offense(s) Charged: _____ 21 USC 841  Possession with intent to distribute Cocaine
     _____ 21 USC 846  (Conspiracy Cocaine)

(4)  U.S. Citizen: ( ) Yes   (X) No   ( ) Unknown

(5)  Date of Birth: _____ 4/3/69 _____

(6)  Type of Charging Document: (check one)
     (X) Indictment   ( ) Complaint   To be filed/Already filed
     Case # _____

     ( ) Bench Warrant for Failure to Appear
     ( ) Probation Violation Warrant
     ( ) Parole Violation Warrant

     Originating District: _____ Southern District of Florida _____

     COPY OF WARRANT LEFT WITH BOOKING OFFICER ( ) YES (X) NO

Amount of Bond: $ _____     Who set Bond: _____

(7)  Remarks: _____

(8)  Date: _____ 1/25/02 _____     (9) Arresting Officer: _____ Terry Manweiler _____

(10) Agency: _U.S. CUSTOMS SERVICE_     (11) Phone: _____ 800 - 973 - 2847 _____

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

Southern **DISTRICT OF** Florida

FILED by
MAG. SEC.

JAN 2 6 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

UNITED STATES OF AMERICA

V.

William Perez
Dayanara De La Cruz

**CRIMINAL COMPLAINT**

CASE NUMBER: 02 2122 - O'Sullivan

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about ___Nov. 15, 2000 to Jan. 25, 2002___ in ___Miami Dade___ county, in the ___Southern___ District of ___Florida___ defendant(s) did, (Track Statutory Language of Offense) knowingly and intentionally conspire to violate Title 21 United States Code Section 841 and attempt to possess with intent to distribute a controlled substance, that is, a mixture and substance containing a detectable amount of cocaine HCL, a schedule II controlled substance in violation of Title 21, United States Code, Section 846

in violation of Title ___21___ United States Code, Section(s) ___846, 841(a)(1)___ .

I further state that I am a(n)___Special Agent, U.S. Customs___ and that this complaint is based on the following
Official Title
facts:
See attached affidavit of Special Agent Terence Manweiler incorporated herein.

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

___1/26/02___          at    ___Miami, Fl.___
Date                                         City and State

___John J. O'Sullivan, U.S. Magistrate Judge___           _____
Name & Title of Judicial Officer                                    Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

# AFFIDAVIT

I, Terence J. Manweiler, a Special Agent of the United States Treasury Department, U.S. Customs Service, being duly sworn, hereby dispose and state:

1.   I am a Special Agent of the U.S. Customs Service and have been so employed for the past thirteen years. I have received both formal and on the job training in narcotics investigations and related law from the U.S. Customs Service. In addition, I have conducted or participated in numerous investigations involving violations of federal law.  I have been involved in numerous arrests and in the execution of search warrants relating to Federal violations of Title 18 and Title 21 United States Code.

2.   This Affidavit is based on my personal knowledge and on information provided to me by U.S. Customs Service personnel.   I  have  personally  participated  in  this investigation and because of my personal participation and reports made to me by other Law Enforcement Officers.  I am familiar  with  the  facts  and  circumstances  of  this investigation.   However,  because  this  affidavit  is  being prepared for the sole purpose of establishing probable cause for the issuance of a complaint, it does not contain every detail of the offense of which I am aware.

3.   On  or  about  November  15,  2001,  William  PEREZ approached a USCS Confidential Informant (CI) for the purpose

of acquiring cocaine for distribution. PEREZ advised the CI that he was prepared to make multiple purchases of cocaine, totaling fifty (50) kilograms of cocaine. The CI advised PEREZ that he had connections capable of providing multi-kilo quantities of cocaine and would re-establish contact at a later date.

4.   On November 20, 2001, during a recorded conversation, the CI met with PEREZ in Miami Dade County, Florida and discussed the purchase and distribution of cocaine. The CI advised PEREZ that his cocaine source of supply was prepared to provide ten (10) kilos of cocaine of the fifty (50) kilos PEREZ requested in exchange for seventy-five thousand dollars ($75,000), which would allegedly pay for one half the transportation expenses incurred during the cocaine's smuggling into the United States.  PEREZ stated that he was going to sell the kilos of cocaine to another individual for nineteen thousand ($19,000) per kilo.  PEREZ requested that the CI convince the source of the cocaine to front four (4) kilos which he would sell at nineteen thousand ($19,000) per kilo in order to cover the required seventy-five thousand ($75,000) payment.  After providing this payment to the source of the cocaine supply that individual would then release the remaining six (6) kilos to the CI for PEREZ to sell.   The CI agreed to this and the meeting was terminated with the agreement that CI would contact PEREZ after meeting with the cocaine supplier.

5.   On November 26, 2001, PEREZ contacted the CI and advised that he had the transportation fees for the ten (10) kilograms of cocaine. PEREZ advised the CI that he wanted to sell the cocaine for twenty thousand dollars ($20,000) per

kilogram instead of the previously agreed price of nineteen thousand dollars ($19,000). Additionally, PEREZ advised the CI that he had two separate buyers for the ten kilograms of cocaine but only wanted five kilograms initially.

6. On January 4, 2002, during a recorded conversation, the CI met with PEREZ in Dade County Florida and further discussed the purchase and distribution of cocaine. The CI showed PEREZ five (5) kilograms of cocaine which the CI advised he was transporting for another individual. PEREZ explained to the CI that if provided with the kilos he could deliver, sell and return with the money from the sale of the cocaine. PEREZ stated that he would deliver the kilos to the individuals house and wait in the house until the individual returned with the money. PEREZ then asked for one (1) of the kilos of cocaine to deliver to the buyer to "break the ice" to see if the individual is likes the cocaine.

7. On January 25, 2002, the CI advised PEREZ that he would make contact with the cocaine source of supply and advised PEREZ when and where to meet. The CI advised that the supplier of the cocaine agreed to front the five (5) kilos of cocaine to PEREZ for a short period of time and that the money from the sale of the kilos by PEREZ was to be provided to the CI. At approximately 1:30 PM PEREZ and Dayanara DE LA CRUZ met the CI at the Hooters Restaurant located on NW 87th Avenue, in Miami, Florida, where the CI showed the five (5) kilograms of "sham" cocaine to PEREZ. PEREZ took possession of the bag containing the cocaine, returned to his vehicle and gave the bag containing the cocaine to DE LA CRUZ who placed the bag on the back seat of the vehicle. Agents approached the vehicle to affect the arrest and observed DE LA CRUZ reach to the back

seat, grab the bag with the cocaine, open the passenger door and throw the bag out of the vehicle. At this time both PEREZ and DE LA CRUZ were arrested.

That in reviewing the above listed facts, I believe there exists probable cause to show the William PEREZ and Dayanara DE LA CRUZ committed violations of 21 United States Code Sections 841 and 846.

_____
TERENCE J. MANWEILER, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn and Subscribed to before
me this 26 day of ~~November, 2001~~.
JANuary, 2002

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE